# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY VARELA,<br><br>         Plaintiff,<br><br>     v.<br><br>J. MARTINEZ, et al.,<br><br>         Defendants. | CASE NO. 1:09-cv-02237 AWI GSA  PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 9, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claim**

   **A.    Summary of Complaint**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility at Corcoran, where the events at issue in this action occurred. Plaintiff's claim in this action stems from the deprivation and destruction of his personal property. Plaintiff names the following defendants: Correctional Officer (C/O) Martinez; Sergeant Turner; Lieutenant Tolson, Associate Warden Lais.

Plaintiff alleges that on September 1, 2008, he returned to his cell to find it in disarray. Plaintiff noticed that his boombox and CD player were missing. Plaintiff asked Defendant (C/O) Martinez "if he would return his erroneously confiscated property." Martinez told Plaintiff that he would. On September 24, 2008, C/O Martinez returned the boombox, but it was inoperable. C/O Martinez failed to return the CD player. Martinez also failed to provide Plaintiff with a contraband receipt for the property that he confiscated during the cell search on September 1, 2008.

Plaintiff filed an inmate grievance. Defendant Turner "denied Plaintiff's 602 because he disregarded plaintiff's evidence of ownership." Defendants Tolson and Lais also denied Plaintiff's grievance, failing to take into account Plaintiff's evidence of ownership.

///

///

**B.     Property Claim**

Where a prisoner challenges the deprivation of a liberty or property interest, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991); Taylor v. Knapp, 871 f.2d 803, 805 (9th Cir. 1989).  This rule applies to the Fifth Amendment's Due Process Clause as well. Raditch, 929 F.2d at 481.  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.   Here, Plaintiff specifically alleges that the deprivation was unauthorized, and in violation of regulations.  Plaintiff alleges that the property was confiscated, despite his evidence of ownership.

California's Government Claims Act requires that a claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-9502 .  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal. 4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act.  State v. Superior Court, 32 Cal. 4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff fails to allege facts to show compliance with Government Tort Claims Act.  This claim should therefore be dismissed.

As to the conduct of Defendants Turner, Tolson and Lais, Plaintiff has no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Plaintiff has no protected liberty interest in the vindication of his administrative claims.  Defendants Turner, Lais and Tolson cannot, therefore, be

liable for their conduct in reviewing and ruling on Plaintiff's inmate grievance.

### III.   Conclusion and Recommendation

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claims arise from the unauthorized deprivation of personal property. Plaintiff cannot state a claim because California has an adequate post-deprivation remedy. Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 15, 2011**            /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE